IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  99-cr-40040- JPG |
| ) | |
| NOEL L. BALDWIN, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on consideration of defendant Noel L. Baldwin's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.  The Court appointed counsel for the defendant, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a reduction (Doc. 35).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Neither the defendant nor the government has responded to the motions, although they were given an opportunity to do so.  *See* Admin. Order 137.

Baldwin pled guilty to two counts of possessing with intent to distribute crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Baldwin's relevant conduct was at least 50 grams but less than 150 grams of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 32.  His offense level was reduced by 3 points to 29 under U.S.S.G. § 3E1.1 for acceptance of responsibility.  The Court further found that Baldwin was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which also established his base offense level at 32, again reduced by 3 to a total offense level of 29 for

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 1998 United States Sentencing Guidelines Manual.

acceptance of responsibility.  Considering Baldwin's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 151 to 188 months in prison.  The Court imposed a sentence of 168 months on both counts.

Baldwin now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.  Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.  The relevant parts of Amendment 750 are retroactive.  *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The Court does not have subject matter jurisdiction to consider a reduction request for Baldwin because he cannot satisfy the first criterion.  Baldwin was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 750 amended U.S.S.G. § 2D1.1 to lower some base offense levels associated with crack cocaine, Baldwin was sentenced based on his base offense level set forth in U.S.S.G. § 2D1.1 *and* the base offense level set forth in U.S.S.G. § 4B1.1, both of which were 32.  *See Forman*, 553 F.3d at 589-90.  The change in his base offense level set forth in U.S.S.G. § 2D1.1 would not lower his guideline sentencing range because, where the U.S.S.G. § 2D1.1 offense level is lower than the U.S.S.G. § 4B1.1 offense level, as it would be after application of Amendment 750, the Court must rely solely on the higher base offense level established by U.S.S.G. § 4B1.1.  *See* U.S.S.G. § 4B1.1(b).  Thus, even after the guidelines amendment, Baldwin would still have a total offense level of 29, and his guideline range would not change.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because Baldwin cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 35).

**IT IS SO ORDERED.**
**DATED:  July 23, 2012.**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**